IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JONES WELDING COMPANY, INC.      :
                                 :
     Plaintiff,                  :
                                 :
vs.                              :  CIVIL ACTION NO. 12-00741-CG-B
                                 :
PACECO CORPORATION, *et al.*,    :
                                 :
     Defendants.                 :

## REPORT AND RECOMMENDATION

This action is before the Court on the motions to dismiss Plaintiff's complaint filed by Defendants PACECO Corporation ("PACECO"), Wellcheck, Inc. ("Wellcheck"), and Graham Brothers Machine, Inc. ("Graham Brothers") (Docs. 8, 13, 20) and the motions to dismiss cross-claims filed by Defendants Wellcheck and Graham Brothers. (Docs. 29, 34). The motions, which have been fully briefed, have been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c).

Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Defendant PACECO's motion to dismiss Plaintiff's contract claim (Count I) be denied, and its motion to dismiss Plaintiff's fraud claim (Count VI) (Doc. 8) be granted; that Defendant Graham Brothers' motion to dismiss Plaintiff's contract claim (Count I), work and labor done and materials provided claim

(Count II), slander and libel claims (Counts III and IV), tortious interference with a business relationship claim (Count V), and fraud claim (Count VI) (Doc. 13) be granted; and that Defendant Wellcheck's motion to dismiss Plaintiff's breach of contract claim (Count I), work and labor done and materials provided claim (Count II), slander and libel claims (Counts III and IV), tortious interference with a business relationship claim (Count V), and fraud claim (Count VI) (Doc. 20) be granted. The undersigned further RECOMMENDS, for the reasons stated herein, that Defendants Wellcheck's and Graham Brothers' motions to dismiss AEP's cross-claims for breach of contract (Count I), breach of express warranty (Count II), and breach of implied warranty (Count III) (Docs. 29, 34) be denied.

## I. Background

Plaintiff, Jones Welding Company, Inc. ("Plaintiff"), commenced this action in the Circuit Court of Mobile County, Alabama on October 31, 2012, against Defendants American Electric Power Corporation ("AEP"), PACECO, Wellcheck, and Graham Brothers. (Doc. 1-1 at 1-3). The action was removed to this Court on December 7, 2012. (Doc. 1).

In the complaint, Plaintiff alleges that Defendants are liable for breach of contract and work and labor done in the amount of $60,826.85, plus consequential damages flowing from the alleged breach of contract. (Id., at 7-8). In addition,

Plaintiff seeks compensatory, consequential, and punitive damages against Defendants for slander, libel, tortious interference with a business relationship, and fraud. (Id., at 8-11).

According to Plaintiff, prior to May 11, 2012, AEP discovered that it had problems with the gears in a major crane at its facility located in Sandy Level, Virginia. (Id., at 4). PACECO, acting on behalf of AEP, placed an order with Wellcheck for the purchase and manufacture of six new gears for the crane. (Id.). Wellcheck lacked the capacity or expertise to manufacture the gears, and it contacted Graham Brothers, who also lacked the capacity or expertise to manufacture the gears. (Id.). Graham Brothers then contacted Plaintiff, Jones Welding, to manufacture the gears. (Id.).

After Plaintiff agreed to manufacture the gears in question, AEP sent its agents, Bill Carol and Erin Eberts, to Plaintiff's facilities on June 27, 2012, to inspect and approve the facilities prior to any work commencing. (Id., at 4-5). Following the tour of Plaintiff's facilities, AEP and PACECO approved the manufacturing of the gears by Plaintiff and made certain representations both in writing and verbally to Plaintiff that the gears were to be manufactured under "normal standards" as "spur gears" and that Plaintiff would be paid $60,826.85 for the job. (Id.).

Based on AEP's and PACECO's representations, as well as the purchase order and gear set drawings given to Plaintiff by AEP and PACECO, Plaintiff purchased the steel plate material from a third party, Kloeckner. (Id.).  According to Plaintiff, at no time did AEP or PACECO make "AGMA Standards" or "Gear Standards" part of the contract, nor did they require gear quality beyond "the normal standards." (Id.).

When Plaintiff manufactured the six gears, the largest of the gears, number six, contained an "inclusion," which occurred during the manufacture of the steel plate by Kloeckner. (Id.).  When Plaintiff delivered the gears to AEP, PACECO urged AEP to conduct an ultrasonic examination of the inclusion area on the sixth gear. (Id.).  According to Plaintiff, at that time, an agent of PACECO, Sun Huang, began to denigrate and defame Plaintiff, claiming that Plaintiff and its employees were incompetent and incapable of performing the work. (Id., at 6).  As a result, AEP rejected all six gears based upon the problem with the inclusion in the sixth gear. (Id.).  AEP did not give Plaintiff an opportunity to mitigate or cure the alleged defect with the sixth gear but instead, at PACECO's urging, contracted with a third party to manufacture the gears pursuant to a new set of specifications not provided to Plaintiff. (Id.).  According to Plaintiff, the gears it manufactured for AEP were "slow moving gears for a large crane," but the new gears for

which AEP contracted with the third party manufacturer were helical gears. (Id.). Because of PACECO's "condemnation" of the gears made by Plaintiff and its employees' written and verbal defamations of Plaintiff, Plaintiff lost the work and was unable to procure future work from AEP or other customers. (Id.).

On December 14, 2012, and December 17, 2012, Defendants PACECO, Wellcheck, and Graham Brothers filed motions to dismiss certain claims in Plaintiff's complaint. (Doc. 8, 13, 20). On December 14, 2012, Defendant AEP filed an answer and cross-claims against PACECO, Wellcheck, and Graham Brothers. (Doc. 17). On December 27, 2012, and January 4, 2013, Defendants Wellcheck and Graham Brothers filed motions to dismiss AEP's cross-claims. (Doc. 29, 34). These motions have been fully briefed and are now ready for the Court's consideration.

## II.    **Motion to Dismiss Standard**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint (or portions of a complaint). Therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991);

Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).
Moreover, all factual allegations are to be construed in the
light most favorable to the plaintiff. See, e.g., Brower v.
County of Inyo, 489 U.S. 593, 598 (1989).

Rule 8(a)(2) generally sets the benchmark for determining
whether a complaint's allegations are sufficient to survive a
Rule 12(b)(6) motion. See Ashcroft v. Iqbal, 556 U.S. 662, 677-
78 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a
pleading must contain a 'short and plain statement of the claim
showing that the pleader is entitled to relief.' As the Court
held in Twombly, . . . the pleading standard Rule 8 announces
does not require 'detailed factual allegations,' but it demands
more than an unadorned, the defendant-unlawfully-harmed-me
accusation."). Indeed, "[a] pleading that offers 'labels and
conclusions' or 'a formulaic recitation of the elements of a
cause of action will not do.'" Id., 556 U.S. at 678 (quoting
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor
does a complaint suffice if it tenders 'naked assertion[s]'
devoid of 'further factual enhancement.'" Id., (quoting Twombly,
550 U.S. at 557); see also Speaker v. United States Dep't of
Health & Human Servs. Ctrs. for Disease Control & Prevention,
623 F.3d 1371, 1381 (11th Cir. 2010) ("[G]iven the pleading
standards announced in Twombly and Iqbal, [plaintiff] must do
more than recite . . . statutory elements in conclusory fashion.

Rather, his allegations must proffer enough factual content to 'raise a right to relief above the speculative level.'") (citations omitted).

> These are the pleading requirements of Rule 8(a)(2), and failure to meet them exposes a complaint to dismissal under Rule 12(b)(6) for failure to state a claim on which relief can be granted. But the complaint is so exposed only if the defendant moves for dismissal under that rule, invokes the plausibility standard, *and* makes a satisfactory showing that, in certain, specified respects, for certain, specified reasons, the complaint falls short of that standard. Vague, generalized assertions that a claim is somehow implausible, without a clear, supported explanation of just what is implausible and why, places no burden on the Court to supply the deficiency or on the plaintiff to respond.

FNB Bank v. Park Nat. Corp., 2013 U.S. Dist. LEXIS 57860, *5, 2013 WL 1748796, *1-2 (S.D. Ala. April 23, 2013) (footnote omitted).

### III.   Analysis

#### A.   Motions to Dismiss Counts in the Complaint

As discussed above, Defendants PACECO, Wellcheck, and Graham Brothers and have filed motions to dismiss certain counts in Plaintiff's complaint. The Court will consider each of the motions in turn.

##### 1) PACECO's Motion to Dismiss

In its motion to dismiss (Doc. 8), Defendant PACECO moves

to dismiss Plaintiff's contract claim (Count I) and Plaintiff's fraud claim (Count VI) for failure to state a claim upon which relief can be granted.   For the reasons discussed, the Court finds that PACECO's motion to dismiss is due to be granted, in part, and denied, in part.

### a. **Breach of Contract Claim (Count I)**

PACECO argues that Plaintiff's breach of contract claim should be dismissed because Plaintiff does not allege any contract between Plaintiff Jones Welding and PACECO.  According to PACECO, Plaintiff only conclusorily states that it entered into a contract with "Defendants" and that "Defendants" breached the contract. (Doc. 8 at 5).

"'The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages.'" Shaffer v. Regions Financial Corp., 29 So. 3d 872, 880 (Ala. 2009) (citations omitted).   The elements of a valid contract also include: "'an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract.'" Id. (citations omitted).

In opposition to PACECO's motion, Plaintiff argues that the complaint expressly alleges that Defendants, including PACECO, entered into a contract with Plaintiff for the manufacture of

the gears in issue. Plaintiff further asserts that regardless of which party initially made contact with Plaintiff, they did so as an agent of PACECO, and that it was PACECO that placed the order for the purchase and manufacture of the gears. (Doc. 49 at 2-3). Indeed, in the complaint, Plaintiff alleges that on behalf of AEP, PACECO drafted the order for the gears, and that after AEP employees and agents visited Plaintiff's facilities, "Defendants, AEP and PACECO, had approved the manufacturing of the gears by the Plaintiff and made certain representations both in writing and verbally to Plaintiff; that the gears were to be manufactured under "Normal Standards" as spur gears and that Plaintiff would be paid $60,826.85 for the job." (Doc. 1-1 at 5).

Viewing these facts in the light most favorable to Plaintiff, the undersigned finds that Plaintiff has alleged facts from which it could be reasonably found that PACECO, acting on behalf of and in conjunction with AEP, entered into an agreement with Plaintiff for the purchase and manufacture of the gears in question, that Plaintiff performed its duty by delivering gears that met the specifications detailed in PACECO's work order, and that Defendants breached the agreement by refusing to pay Plaintiff for its work. Because Plaintiff has, at this stage of the proceedings, alleged facts sufficient to establish a plausible breach of contract against PACECO, it

motion to dismiss Plaintiff's contract claim is due to be denied[1].

## b. Fraud Claim (Count VI)

Next, PACECO argues that Plaintiff's fraud claim (Count VI) should be dismissed because Plaintiff has failed to plead its claim against PACECO with particularity. A review of the complaint reveals that Plaintiff's fraud allegations are contained in the "Factual Background" portion and in "Count VI." (Doc. 1-1). Plaintiff alleges that following an inspection of its facilities on June 27, 2012, by AEP's employees and agents Bill Carol and Erin Eberts, AEP and PACECO "made certain

---

[1] Although the parties have not raised the issue, the undersigned notes, in passing, that:

> The general rule in Alabama concerning the liability of an agent for the breach of a contract entered on behalf of a disclosed principal is that the agent binds either the principal or himself to the contract, but not both. See Mobile Ins., Inc. v. Smith, 441 So. 2d 894, 897 (Ala. 1983); and Gillis v. White, 214 Ala. 22, 22, 106 So. 166, 167 (1925). If the agent fails, for lack of authority, to bind the principal, then he is personally liable on the contract. Gillis, 214 Ala. at 22, 106 So. at 167. If the agent succeeds in binding the principal, then he will not be held personally liable unless there is clear evidence that he intended to substitute or superadd his personal liability for or to that of the principal. See Mobile Ins., 441 So. 2d at 897; and Sealy v. McElroy, 288 Ala. 93, 104, 257 So. 2d 340, 350 (1972)).

Shirley v. Lin, 548 So. 2d 1329, 1333 (Ala. 1989).

representations both in writing and verbally to Plaintiff; that
the gears were to be manufactured under 'Normal Standards' as
spur gears and that Plaintiff would be paid $60,826.85 for the
job." (Doc. 1-1, ¶10).   Plaintiff alleges that it relied on
those representations and purchased the steel plate material
from a third party. (Id., at ¶11).   Plaintiff reiterates these
allegations in "Count VI" of its complaint, as follows:

> That the Defendants made certain
> material misrepresentations to the
> Plaintiff including that the gears were
> to be manufactured under normal
> standards, that the gears should be spur
> gears and that Plaintiff would be paid
> $60,826.85.
>
> That the Plaintiff believed these
> representations and in reliance upon
> them built the gears and has been
> damaged as a result when payment was
> refused.
>
> These representations were false, the
> Defendants knew they were false and made
> them to deceive the Plaintiff, or they
> were made recklessly or wantonly but
> with the intent that Plaintiff rely on
> them or they were made negligently but
> with the intent Plaintiff rely upon them
> which Plaintiff did and was damaged.

(Id., at ¶¶ 30, 31, 32).

   The Federal Rules of Civil Procedure provide that "[i]n
alleging fraud or mistake, a party must state with particularity
the circumstances constituting fraud or mistake." Rule 9(b),
Fed. R. Civ. P.   This heightened pleading rule "serves an

important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) (citations and internal quotation marks omitted); see also In re Eagle Bldg. Techs., Inc., Sec. Litig., 221 F.R.D. 582, 585 (S.D. Fla. 2004) ("The purpose of Rule 9(b) is to ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of and to eliminate those complaints filed as a pretext for discovery of unknown wrongs.") (citations and internal quotation marks omitted).

The requirements of Rule 9(b) must also be harmonized with Rule 8, which directs that a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and that averments of the complaint should "be simple, concise, and direct." Rule 8(a)(2),(d)(1); see also Brooks, 116 F.3d at 1371 (recognizing necessity of reading Rule 9(b) together with Rule 8); Friedlander v. Nims, 755 F.2d 810, 813 n.3 (11th Cir. 1985) ("a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of Rule 9(b) with the broader policy of notice pleading.").

Under well established law, Rule 9(b) is satisfied if the

complaint sets forth the following: "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) the same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." United States ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1310 (11th Cir. 2002) (citations omitted); see also Hill v. Morehouse Medical Assocs., Inc., 2003 U.S. App. LEXIS 27956, *10, 2003 WL 22019936, *3 (11th Cir. Aug. 15, 2003) ("plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them."). In other words, "to avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud." Hay v. Bank of America, 2013 U.S. Dist. LEXIS 49052, *12, 2013 WL 1339729, *4 (N.D. Ga. March 29, 2013) (citations omitted) (dismissing fraud claim where plaintiff failed to identify any person responsible for committing the alleged fraud or the time or place of the fraudulent act); see also American United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1067 (11th Cir. 2007) (affirming dismissal of insurance fraud claims where

plaintiff failed to identify the agents or corporate representatives who participated in the alleged fraud, failed to identify the dates when the agents rendered assistance, and failed to explain how the agents' conduct furthered the commission of the fraud); Echeverria v. BAC Home Loans Servicing, LP, 2012 U.S. Dist. LEXIS 44487, *10, 2012 WL 1081176, *4 (M.D. Fla. March 30, 2012) (dismissing fraud claim where plaintiffs failed to set forth the precise statements made, the time and place of each statement, the person responsible for making the statement, the content of each statement, or what defendants gained as a consequence of any statements to plaintiffs).

Where, as here, multiple defendants are accused of misrepresentation, specific allegations are required as to each defendant, as "a complaint should advise each defendant of the nature of his participation in the fraud." In re Palm Beach Finance Partners, L.P., 488 B.R. 758, 775 (Bkrtcy. S.D. Fla. 2013); see also Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) (complaint must contain "specific allegations with respect to each defendant;" plaintiffs may not "lump[] together all of the defendants in their allegations of fraud.").

In this case, Plaintiff has alleged specific statements that were allegedly made by Defendants AEP and PACECO and were

relied upon by Plaintiff, the general time and place of the statements and how Plaintiff was misled by the statements. However, Plaintiff has not alleged who made the statements on behalf of PACECO or what PACECO gained as a consequence of the alleged statements.   As discussed above, where there are multiple defendants, specific allegations are required as to each defendant.   Plaintiff may not "lump[] together all of the defendants in their allegations of fraud." Ambrosia, 482 F.3d at 1317.   Because Plaintiff's complaint fails to identify the person(s) responsible for making the allegedly fraudulent statements on behalf of PACECO and fails to allege what PACECO gained as a consequence of the alleged fraud, it does not satisfy the pleading requirements of Rule 9(b).   Accordingly, PACECO's motion to dismiss Plaintiff's fraud claim for failure to state a claim is due to be granted.

### 2) Wellcheck's Motion to Dismiss

Defendant Wellcheck seeks the dismissal of Plaintiff's claims for breach of contract (Count I), work and labor done and materials provided (Count II), slander and libel (Counts III and IV), tortious interference with a business relationship (Count V), and fraud (Count VI), for failure to state a claim upon which relief can be granted. (Doc. 20).   For the reasons discussed, the Court finds that Wellcheck's motion to dismiss is due to be granted.

### a. Breach of Contract Claim (Count I)

With respect to Plaintiff's breach of contract claim, Wellcheck argues that Plaintiff has failed to allege the existence of a valid, binding contract between Plaintiff and Wellcheck and, further, that Plaintiff has failed to allege any non-performance by Wellcheck. In the complaint, Plaintiff alleges that Wellcheck received the original purchase order contract from PACECO, on behalf of AEP, but was unable to manufacture the gears; therefore, Wellcheck contacted Graham Brothers to manufacture the gears. (Doc. 1-1 at ¶¶ 4, 8). The complaint further alleges that Wellcheck "was involved with the contracting between Defendant AEP and the Plaintiff" Jones Welding. (Id., at ¶5). Finally, the complaint alleges that Wellcheck "conspired with other Defendants in this case to damage the Plaintiff as set out below." (Id.).

In support of its argument that it has alleged a contract with Wellcheck, Plaintiff states that the "purchase order upon which [the] contract is based came from Wellcheck." (Doc. 47 at 5). However, there are no allegations in the complaint to that effect. Instead, Plaintiff points to the allegation in the complaint that Plaintiff entered into a contract with "Defendants", and argues that this language includes Wellcheck. (Id., at 5-6; Doc. 1-1 at 4 ¶ 17).

However, as previously discussed, in order to proceed on a

claim for breach of contract, Plaintiff must allege facts establishing "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." Shaffer, 29 So. 3d at 880.  No where in the complaint does Plaintiff allege a valid contract between itself and Wellcheck that was breached by Wellcheck.  Nor does Plaintiff assert any facts from which such a conclusion could be reasonably inferred.  Plaintiff's conclusory statement that it entered into a contract with "Defendants" (Doc. 1-1 at ¶ 17), without more, is simply not sufficient to allege the existence of a contract with Wellcheck. Further, Plaintiff's allegations that Wellcheck contacted Graham Brothers to manufacture the gears, that Wellcheck "was involved with the contracting between Defendant AEP and the Plaintiff," and that Wellcheck "conspired with other Defendants in this case to damage the Plaintiff" (Doc. 1-1 at ¶¶ 5, 8), falls short of an assertion that Wellcheck entered into a contract with Plaintiff.  Therefore, Wellcheck's motion to dismiss Plaintiff's breach of contract claim for failure to state a claim is due to be granted.

### b.  **Work and Labor Done and Materials Provided (Count II)**

Next, Wellcheck argues that Plaintiff's claim for work and labor done and materials provided (Count II) is due to be

dismissed because there are no allegations in the complaint that any work was done by Plaintiff for Wellcheck, or that Plaintiff delivered any materials to Wellcheck. (Doc. 20-1 at 3).   The Court agrees.

A claim for work and labor done and materials provided is essentially a claim for unjust enrichment. See CIT Group/Equip. Fin., Inc. v. Roberts, 885 So. 2d 185, 189 (Ala. Civ. App. 2003).   In the absence of an express contract, a court may imply a promise to pay for the labor or services of another to prevent a manifest injustice or unjust enrichment. Id.   "The rule is that if one knowingly accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one who so accepts with knowledge, to pay the reasonable value of such services rendered." Id. (citations omitted).

As Wellcheck points out, the complaint in this case does not allege that work was performed by Plaintiff for Wellcheck or that materials were provided to Wellcheck by Plaintiff.[2]   To the contrary, the complaint alleges that Plaintiff manufactured the gears for AEP's crane and delivered the gears to AEP. (Doc. 1-1

_____

[2]   In its response to the motion to dismiss, Plaintiff argues that Wellcheck profited by Plaintiff's work in this matter. (Doc. 47 at 6).   However, there are no allegations in the complaint to that effect.

¶¶ 6, 13). Therefore, the complaint fails to state a claim against Wellcheck for work and labor done and materials provided, and Wellcheck's motion to dismiss Count II is due to be granted.

### c. Slander and Libel Claims (Counts III and IV)

Next, Wellcheck argues that Plaintiff's claims for slander and libel (Counts III and IV) are due to be dismissed because there are no allegations in the complaint that any defamatory statements were made by Wellcheck. (Doc. 20-1 at 3-4). In its response to the motion to dismiss, Plaintiff concedes that it has not asserted claims for slander and libel against Wellcheck. Doc. 47 at 7). Therefore, Wellcheck's motion to dismiss Counts III and IV is due to be granted.

### d. Tortious Interference with a Business Relationship Claim (Count V)

Wellcheck also argues that Plaintiff's claim for tortious interference with a business relationship (Count V) is due to be dismissed because there are no allegations in the complaint that Wellcheck interfered with the business relationship between Plaintiff and AEP or between Plaintiff and any other entity. (Doc. 20-1 at 4). The Court agrees.

To establish a *prima facie* case of tortious interference with business relations, Plaintiff must show: "(1) the existence of a protectible business relationship; (2) of which the

defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage." Booth v. Newport Television, LLC, 111 So. 3d 719, 727 (Ala. Civ. App. 2011).

In its response to the motion to dismiss, Plaintiff argues that Wellcheck conspired with PACECO to have AEP reject the gears manufactured by Plaintiff and to have AEP contract with a third party for new, different gears. (Doc. 47 at 8). However, there are no allegations in the complaint to that effect. Indeed, the portions of the complaint referenced by Plaintiff, namely ¶¶ 14, 15, do not even mention Wellcheck, but refer only to PACECO and AEP.

The remaining allegations in the complaint related to Wellcheck state only that Wellcheck received the original purchase order from AEP, that Wellcheck was unable to manufacture the gears, that Wellcheck contacted Graham Brothers to manufacture the gears (who then contacted Plaintiff), that Wellcheck "was involved with the contracting between Defendant AEP and the Plaintiff," and that Wellcheck "conspired with other Defendants in this case to damage the Plaintiff." (Doc. 1-1 at ¶¶ 4, 5, 8). Taking Plaintiff's factual allegations, as opposed to its legal conclusions, as true, they do not suggest let alone state that Wellcheck intentionally interfered with Plaintiff's business relationship with AEP or any other entity. Thus, the

complaint fails to state a claim for tortious interference with a business relationship by Wellcheck.   Accordingly, Wellcheck's motion to dismiss that claim is due to be granted.

### e. Fraud Claim (Count VI)

Finally, with respect to Plaintiff's fraud claim, Wellcheck argues that Plaintiff's fraud claim is based on alleged misrepresentations by AEP and PACECO regarding the standards to be used in manufacturing the gears in question and the fact that Plaintiff would be paid $60,826.85, as set forth in ¶ 10 of the complaint. (Doc. 20-1 at 6; Doc. 1-1 at ¶ 10).   Plaintiff counters that in paragraph 4 of the complaint, it alleges an agency relationship between Wellcheck and AEP and PACECO; that in paragraphs 29 and 30, it alleges that "Defendants" (which includes Wellcheck) misrepresented the standards that were to be used in manufacturing the gears and the fact that Plaintiff would be paid $60,826.85; and that in paragraphs 9 and 10, it alleges that "Defendants" (which includes Wellcheck) made telephone calls to Plaintiff, sent emails to Plaintiff, and approved Plaintiff's facilities. (Doc. 47 at 9-10; Doc. 1-1 at ¶¶ 4, 29, 30).

As discussed *supra*, "to avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud." Hay, 2013 U.S. Dist. LEXIS 49052 at *12, 2013 WL 1339729 at *4.   Furthermore, where multiple defendants

are accused of misrepresentation, specific allegations are required as to each defendant. <u>See</u> <u>In re Palm Beach</u>, 488 B.R. at 775; <u>Ambrosia</u>, 482 F.3d at 1317.

Plaintiff has failed to allege any facts establishing the elements of a fraud claim with respect to Wellcheck.  While Plaintiff has alleged what misstatements were made and when and where they were allegedly made (Doc. 1-1 at ¶ 10), Plaintiff has not alleged who, on behalf Wellcheck, made the alleged misrepresentations or what Wellcheck obtained as a consequence of the alleged fraud. <u>See</u> <u>Clausen</u>, 290 F.3d at 1310. Furthermore, as discussed previously, Plaintiff's general allegation that "Defendants" made the misrepresentations to Plaintiff is insufficient to state a claim for fraud against Wellcheck.  Therefore, Wellcheck's motion to dismiss Plaintiff's fraud claim for failure to state a claim is due to be granted.

### 3) <u>Graham Brothers' Motion to Dismiss</u>

Defendant Graham Brothers moves to dismiss Plaintiff's claims for breach of contract (Count I), work and labor done and materials provided (Count II), slander and libel (Counts III and IV), tortious interference with a business relationship (Count V), and fraud (Count VI), for failure to state a claim upon which relief can be granted. (Docs. 13, 14).  For the reasons discussed, the Court finds that Graham Brothers' motion to dismiss is due to be granted.

22

### a. **Breach of Contract Claim (Count I)**

With respect to Plaintiff's breach of contract claim, Graham Brothers argues that Plaintiff has failed to allege the existence of a valid, binding contract between Plaintiff and Graham Brothers.  Graham Brothers points out that the complaint merely states that Graham Brothers "contacted the Plaintiff," which does not amount to an allegation of an existing contract between the parties. (Doc. 14 at 2; Doc. 1-1 at ¶9).  Graham Brothers further argues that there are no facts alleging that Graham Brothers failed to perform under any alleged contract. (Id.).  Plaintiff counters that the complaint alleges that Graham Brothers "was involved with the contracting between Defendant AEP and the Plaintiff," and further alleges that Plaintiff entered into a contract with the "Defendants," which includes Graham Brothers. (Doc. 48 at 2-3; Doc. 1-1 at ¶5).

As previously discussed, in order to proceed on a claim for breach of contract, Plaintiff must allege facts establishing "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." Shaffer, 29 So. 3d at 880.  No where in the complaint does Plaintiff allege facts reflecting the existence of a contract between itself and Graham Brothers, and a breach of the contract by Graham Brothers.  Plaintiff's conclusory statement that it entered into a contract

with all "Defendants," without more, is insufficient to allege the existence of a contract with Graham Brothers.  Moreover, taking as true Plaintiff's allegations that Graham Brothers "contacted the Plaintiff" about manufacturing the gears in question and that Graham Brothers "was involved with the contracting between Defendant AEP and the Plaintiff", these allegations fall short of a contention that Graham Brothers entered into a contract with Plaintiff.  (Doc. 1-1 at ¶¶5, 9). Therefore, Graham Brothers' motion to dismiss Plaintiff's breach of contract claim for failure to state a claim is due to be granted.

> b.  **Work and Labor Done and Materials Provided (Count II)**

Next, Graham Brothers argues that Plaintiff's claim for work and labor done and materials provided (Count II) is due to be dismissed because there are no allegations in the complaint that any work purportedly done by Plaintiff was for Graham Brothers, or that Plaintiff delivered any materials to Graham Brothers.  As discussed *supra*, a claim for work and labor done and materials provided is essentially a claim for unjust enrichment. See CIT Group, 885 So. 2d at 189.  In the absence of an express contract, a court may imply a promise to pay for the labor or services of another to prevent a manifest injustice or unjust enrichment. Id.  "The rule is that if one knowingly

accepts services rendered by another, and the benefit and result thereof, the law implies a promise on the part of the one who so accepts with knowledge, to pay the reasonable value of such services rendered." Id. (citations omitted).

In this case, Plaintiff alleges that Graham Brothers "contacted the Plaintiff" about manufacturing the gears and that Graham Brothers "was involved with the contracting" between AEP and Plaintiff.   (Doc. 1-1 at ¶¶ 5, 9).   As Graham Brothers points out, there are no allegations that work was performed for Graham Brothers or that materials were provided to Graham Brothers.[3]  To the contrary, the complaint alleges that Plaintiff manufactured the gears for AEP's crane and delivered the gears to AEP. (Doc. 1-1 ¶¶ 6, 12, 13).  Therefore, the complaint fails to state a claim against Graham Brothers for work and labor done and materials provided. Accordingly, Graham Brothers' motion to dismiss Count II is due to be granted.

### c. Slander and Libel Claims (Counts III and IV)

Graham Brothers also argues that Plaintiff's claims for slander and libel (Counts III and IV) are due to be dismissed because there are no allegations in the complaint that any

---

[3] In its response to the motion to dismiss, Plaintiff argues that Graham Brothers profited by Plaintiff's work in this matter. (Doc. 48 at 4).  However, there are no allegations in the complaint to that effect.

defamatory statements were made by Graham Brothers.  The Court agrees.  In its response to the motion to dismiss, Plaintiff concedes that it has asserted no allegations against Graham Brothers with respect to its claims for slander and libel. (Doc. 48 at 5).  Because Plaintiff's complaint fails to state a claim against Graham Brothers for slander or libel, Graham Brothers' motion to dismiss Counts III and IV is due to be granted.

> ### d.   Tortious Interference with a Business Relationship Claim (Count V)

Next, Graham Brothers argues that Plaintiff's claim for tortious interference with a business relationship (Count V) is due to be dismissed because there are no allegations in the complaint that Graham Brothers interfered with the business relationship between Plaintiff and AEP or between Plaintiff and any other entity. (Doc. 14 at 3).  The Court agrees.

As discussed *supra*, to establish a *prima facie* case of tortious interference with business relations, Plaintiff must show: "(1) the existence of a protectible business relationship; (2) of which the defendant knew; (3) to which the defendant was a stranger; (4) with which the defendant intentionally interfered; and (5) damage."  Booth, 111 So. 3d at 727.

The allegations in the complaint directed against Graham Brothers are that Graham Brothers "was involved with the contracting" between Defendant AEP and the Plaintiff and that

Graham Brothers "contacted the Plaintiff" about manufacturing the gears in question. (Doc. 1-1 at ¶¶ 5, 9). While Plaintiff argues in its response that it also alleged that Graham Brothers "conspired with other Defendants in this case to damage the Plaintiff as set out below" (id., at ¶ 5), that conclusory allegation, without more, is insufficient to state a claim for tortious interference with a business relationship by Graham Brothers. Thus, Graham Brothers' motion to dismiss that claim is due to be granted.

### e. Fraud Claim (Count VI)

Finally, with respect to Plaintiff's fraud claim, Graham Brothers argues that Plaintiff's allegations of fraud involve alleged misrepresentations by AEP and PACECO regarding the standards to be used in manufacturing the gears in question and the fact that Plaintiff would be paid $60,826.85. (Doc. 14 at 4; Doc. 1-1 at ¶10). Graham Brothers argues that there are no facts in the complaint alleging that Graham Brothers made any misrepresentations to the Plaintiff.

In its response, Plaintiff argues that it received the purchase order, shop drawings, and specifications (*i.e.*, the alleged misrepresentations) from Graham Brothers, AEP, and PACECO. (Doc. 48 at 8). However, there are no allegations in the complaint to that effect. To the contrary, the complaint alleges that Plaintiff received the purchase order and gear set

drawings from AEP and PACECO. (Doc. 1-1 at ¶ 11).

As discussed *supra*, "to avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud." Hay, 2013 U.S. Dist. LEXIS 49052 at *12, 2013 WL 1339729 at *4.  Where multiple defendants are accused of misrepresentation, specific allegations are required as to each defendant. See In re Palm Beach, 488 B.R. at 775; Ambrosia, 482 F.3d at 1317.  Plaintiff has failed to allege facts establishing these elements with respect to Graham Brothers.  Therefore, Graham Brothers' motion to dismiss Plaintiff's fraud claim for failure to state a claim is due to be granted.

### B. **AEP's Motions to Dismiss Cross-Claims**.

Defendants Wellcheck and Graham Brothers both move to dismiss AEP's cross-claims for breach of contract (Count I), breach of express warranty (Count II), and breach of implied warranty (Count III) for failure to state a claim upon which relief can be granted.  For the reasons discussed, the Court finds that Wellcheck's and Graham Brothers' motions to dismiss AEP's cross-claims (Docs. 29, 34) are due to be denied.

### 1) **Cross-Claim for Breach of Contract (Count I)**

In its Answer filed in this case, AEP makes the following allegations: On or about May 11, 2012, AEP entered into a purchase order contract with PACECO for the manufacture of six

28

crane gears. (Doc. 17 at 9-10 ¶ 5; Doc. 17-1[4]).  PACECO was at all times an independent contractor and not AEP's agent. (Id.). PACECO, as an independent contractor, subcontracted the purchase order for the gears to Wellcheck. (Id., at 10 ¶ 6).  Wellcheck in turn, through its agent Graham Brothers, then subcontracted the manufacturing of the gears to Plaintiff. (Id., at 10 ¶ 7). PACECO failed to perform on its contract with AEP, *i.e.*, PACECO delivered defective gears to AEP, and AEP was forced to contract with a third party for the manufacture of the gears. (Id., at 10-11 ¶¶ 8-12).

In its cross-claim, AEP further alleges that Wellcheck and Graham Brothers, by virtue of the subcontracting of the purchase order for the gears, also entered into a contract with AEP. Specifically, AEP alleges that "Wellcheck and Graham Brothers acting as [PACECO's] agents . . . entered into a contract with AEP, subject to certain terms and conditions made part of AEP's purchase order with PACECO and its agents," for the manufacture of six gears. (Id., at 14 ¶ 6).  AEP alleges that PACECO, Wellcheck, and Graham Brothers breached this contract by failing to deliver the gears as agreed under the purchase order contract, causing AEP to suffer damages by having to procure an

---

[4] While AEP has submitted a form purchase order, no one has produced a purchase order expressly referencing the six gears at issue.

expedited replacement gear set. (Id., at 14-15 ¶¶ 7, 11).

As discussed *supra*, the elements of a breach-of-contract claim under Alabama law are "(1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages.'" Shaffer, 29 So. 3d at 880 (citations omitted).  The elements of a valid contract also include: "'an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract.'" Id. (citations omitted).

Wellcheck and Graham Brothers argue that AEP's cross-claim for breach of contract (Count I) should be dismissed because there are insufficient facts alleging a valid contract between Wellcheck and AEP or Graham Brothers and AEP. (Doc. 29-1 at 2; Doc. 35 at 2).  Wellcheck and Graham Brothers contend that AEP's allegations establish that it had a contract with PACECO, not with them. (Id.; Doc. 17 at 9 ¶ 5).

However, in pleading its cross-claim for breach of contract, AEP has alleged that it had a valid contract for the purchase of the gears with all three defendants, PACECO, Wellcheck, and Graham Brothers, because the purchase order for the gears that was entered into between AEP and PACECO was subcontracted to Defendants Well Check and Graham Brothers, and all three defendants breached the contract with AEP by delivering defective gears. (Doc. 17 at 14-15 ¶¶ 6-7).  Whether

AEP can prove those allegations remains to be seen.  However, at this stage, AEP's allegations are taken as true, and are sufficient to state a plausible breach of contract claim[5] against Wellcheck and Graham Brothers.  Accordingly, Wellcheck and Graham Brothers' motions to dismiss AEP's cross-claims for breach of contract (Docs. 29, 34) are due to be denied.

### b.  Cross-Claim for Breach of Express Warranty (Count II)

Next, AEP alleges in its cross-claim that PACECO, Wellcheck, and Graham Brothers "were in breach of their collective and individual express warranties made to AEP that the manufactured gears in question would conform to the standards set forth in the contract and agreements of the parties. . . ." (Doc. 17 at 15 ¶ 8).  AEP further alleges that as a result of this breach of express warranty, it suffered damages in the amount that it paid to a third party for an expedited replacement gear set.  (Id. at 15 ¶ 11).

---

[5] Wellcheck makes much of AEP's alleged inconsistency in its allegations of agency relationships between the parties. (Doc. 29-1 at 3, 5-6).  For example, AEP has alleged agency relationships between PACECO, Wellcheck, and Graham Brothers, and has also alleged that no agency existed between AEP and PACECO.  Contrary to Wellcheck's arguments, none of those allegations is inconsistent with AEP's independent allegations that it had a contractual relationship with PACECO, Wellcheck, and Graham Brothers.  Likewise, AEP's allegation that it was not in privity of contract with Jones Welding is not inconsistent with its allegation that it was in privity of contract with PACECO, Wellcheck, and Graham Brothers.

In Alabama, express warranties are governed by Ala. Code, 1975, § 7-2-313, which states:

> (1) Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

"Express warranties should be treated like any other type of contract and interpreted according to general contract principles." Ex parte Miller, 693 So. 2d 1372, 1376 (Ala. 1997 (citing Williston on Sales, § 15-9 (4th ed. 1974)). "In Alabama, the crux of all express warranty claims is that the goods did not conform to the warranty." Id. (citing Ala. Code 1975, § 7-2-313).

Wellcheck and Graham Brothers argue that AEP's cross-claim for breach of express warranty (Count II) should be dismissed because there are no allegations that Wellcheck and Graham Brothers issued an express warranty on the gears at issue. (Doc. 29-1 at 4; Doc. 35 at 3). Wellcheck and Graham Brothers argue that the alleged express warranty was between AEP and PACECO, as opposed to them. (Id.).

However, as with AEP's breach of contract claim discussed *supra*, the argument made by Wellcheck and Graham Brothers ignores AEP's allegations that through the subcontracting of the

32

original purchase order for gears, all three defendants, PACECO, Wellcheck, and Graham Brothers, made express warranties to AEP that the gears at issue would conform to the standards set forth in the contract. (Doc. 17 at 15 ¶ 8). According to AEP, those warranties included that the gears would wholly conform to the terms and conditions of the original purchase order and would be of sufficient quality to operate the crane; however, PACECO, Wellcheck, and Graham Brothers breached the warranties because the gears were nonconforming and could not be used. (Doc. 17 at 10 ¶ 8; Doc. 17 at 14-15 ¶¶ 4, 8; Doc. 45 at 7).

Taking AEP's factual allegations as true, the Court finds that AEP's allegations are sufficient at this stage to state a claim for breach of express warranty. Thus, Wellcheck and Graham Brothers' motions to dismiss AEP's cross-claim for breach of express warranty are due to be denied.

### c. **Cross-Claim for Breach of Implied Warranty (Count III)**

AEP alleges in its cross-claim that PACECO, Wellcheck, and Graham Brothers "as merchants who are in the business of manufacturing large scale equipment gears on a regular basis, were in breach of their collective and individual implied warranties of merchantability, as the gear set was not fit for its ordinary mechanical purpose or usage within the industry." (Doc. 17 at 15, ¶ 9). AEP further alleges that PACECO,

Wellcheck, and Graham Brothers "had reason to know that the manufactured gears were for the particular mechanical purpose to operate the certain crane in question, and that AEP as a buyer was relying on their skill and judgment as held out and warranted to AEP, and their failure to deliver a gear set conforming to this particular purpose was in breach of their collective and individual implied warranties for a particular purpose." (Id., at ¶ 10).  AEP further alleges that as a result of said defendants' breach of implied warranties, AEP suffered damages in the amount that it paid to a third party for the replacement gear set. (Id., at ¶ 11).

In Alabama, the implied warranty of merchantability is found in § 7-2-314(1), Ala. Code 1975, which provides:

> Unless excluded or modified (Section 7-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

Subsection (2)(c) of § 7-2-314(1) further provides that to be considered merchantable, goods must be "fit for the ordinary purposes for which such goods are used."

The implied warranty of fitness for a particular purpose is found in § 7-2-315, Ala. Code 1975, which provides:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on

> the seller's skill or judgment to select or
> furnish suitable goods, there is unless
> excluded or modified under Section 7-2-316
> an implied warranty that the goods shall be
> fit for such purpose.

In order to establish a claim of breach of the implied warranty, a plaintiff must prove "the existence of the implied warranty, a breach of that warranty, and damages proximately resulting from that breach." Ex parte General Motors Corp., 769 So. 2d 903, 911-12 (Ala. 1999) (citations and internal quotation marks omitted).

Wellcheck and Graham Brothers argue that AEP's cross-claim for breach of implied warranties (Count III) should be dismissed because they had no contract with AEP; they were not sellers of any product to AEP; and AEP's contract was with PACECO, not them; thus, there can be no breach of implied warranty. (Doc. 29-1 at 4; Doc. 35 at 4). However, this argument ignores AEP's allegations regarding the subcontracting of the original purchase order. AEP asserts that as a result of said subcontracting, it had a contract with Wellcheck, Graham Brothers, and PACECO, for the gears at issue, and that PACECO, Wellcheck, and Graham Brothers, made and breached their implied warranties of merchantability and fitness for a particular purpose. (Doc. 17 at 14-15 at ¶¶ 6, 9, 10). Taking AEP's factual allegations as true, the Court finds that AEP's allegations are sufficient at this stage to state a claim for

breach of implied warranties of merchantability. Thus, Wellcheck and Graham Brothers' motions to dismiss AEP's cross-claim for breach of implied warranties (Docs. 29, 34) are due to be denied.

### III. Conclusion

Based on the foregoing, the undersigned RECOMMENDS, for the reasons stated herein, as follows: Defendant PACECO's motion to dismiss Plaintiff's contract claim (Count I) be denied, and its motion to dismiss Plaintiff's fraud claim (Count VI) (Doc. 8) be granted; Defendant Graham Brothers' motion to dismiss Plaintiff's contract claim (Count I), work and labor done and materials provided claim (Count II), slander and libel claims (Counts III and IV), tortious interference with a business relationship claim (Count V), and fraud claim (Count VI) (Doc. 13) is due to be granted; Defendant Wellcheck's motion to dismiss Plaintiff's breach of contract claim (Count I), work and labor done and materials provided (Count II), slander and libel (Counts III and IV), tortious interference with a business relationship (Count V), and fraud (Count VI) (Doc. 20) is due to be granted.

The undersigned further RECOMMENDS, for the reasons stated herein, that Defendants Wellcheck's and Graham Brothers' motions to dismiss AEP's cross-claims for breach of contract (Count I), breach of express warranty (Count II), and breach of implied

warranty (Count III) (Docs. 29, 34) be denied.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this the **3rd** day of **July, 2013.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**